# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CHAIDES, | 1:09-cv-01111-DLB (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| HECTOR RIOS, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

In the instant petition, Petitioner contends that the Bureau of Prisons (BOP) staff arbitrarily and capriciously abused its discretion by forcing him to identify a release residence which he claims prevented him from being considered for designation to a Residential Re-entry Center (RRC) for a period of twelve months. He also claims that he was denied skills development programming pursuant to the Second Chance Act and he was never considered for RRC placement. Petitioner also raises various challenges regarding his ability to participate in programming within the BOP.

Respondent filed an answer on December 17, 2009. (Court Doc. 15.) Petitioner did not file a traverse. On March 8, 2010, Respondent submitted a supplement to the answer. (Court Doc. 19.)

# DISCUSSION

## I. Subject Matter Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Whether the Court has subject matter to hear Petitioner's claims pursuant to 28 U.S.C. § 2241 will be discussed below. In addition, pursuant to § 2241, venue is proper in this case because Petitioner was confined at the United States Penitentiary in Atwater, California, at the time he filed the instant petition. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000).

## II. Placement in RRC

Petitioner first argues that the BOP has abused its discretion by forcing him to use a relocation address for release which prevents him from being considered for RRC placement for twelve months. Petitioner further contends that he has never been considered for RRC placement. On April 9, 2008, the President signed into law the "Second Chance Act of 2007," which required the BOP to modify 28 C.F.R. section 570.21 of the regulations (see 18 U.S.C. § 3624(c)(6), to ensure that the determination as to placement in an RRC be conducted in accordance with 18 U.S.C. 3621(b) and it be determined on an individual basis,. Pub.L. 110-199, 122 Stat. 657 (2007).

In Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the Ninth Circuit held that the former 28 C.F.R. section 570.21 was invalid as inconsistent with 18 U.S.C. section 3621(b). The regulations were later amended and now state, "Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." Inmates are considered for pre-release community confinement "in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time frames set forth in this part." 18 C.F.R. § 570.22.

In sum, the BOP has discretionary authority to transfer an inmate to an RRC at any time, after considering the factors set forth in 18 U.S.C. section 3621(b), and has a separate and distinct obligation to consider an inmate for transfer to an RRC for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b). <u>Rodriguez v. Smith</u>, 541 F.3d at 1184-1185.

The response by Harrell Watts, Administrator National Inmate Appeals (dated April 28, 2009), to Petitioner's administrative grievance recognizes the amendments to the regulations set forth in the Second Change Act of 2007. (Petition, at 17[1].) Mr. Watts sets forth the applicable law regarding placement in an RRC, and states "[i]nmates are ordinarily considered for RRC placement between 17 and 19 months prior to release. Your [Petitioner] projected release date is December 25, 2010, and you will be reviewed for RRC placement within the next few months." (<u>Id</u>.)

Petitioner contends his rights were violated under section 3621(b) because he "has never been considered for RRC placement, throughout his term of imprisonment." (Petition, at 3.) There is no entitlement to an immediate consideration for placement to an RRC, as it within the discretion of the BOP. To this end, Petitioner attaches a response by Correctional Counselor Blackwell indicates that it has been determined that 180 days is sufficient time to accommodate Petitioner's release needs, and he will be further evaluated 17 to 19 months prior to his release date. Respondent has submitted evidence that Petitioner was again evaluated for RRC placement on January 29, 2010, and Petitioner was recommended for a 150 to 180-day placement. (Exhibit 1, to Supplemental Response.) Accordingly, Petitioner's claim that he has not been evaluated for RRC placement is without merit.

III.     <u>Programming Pursuant to Second Chance Act</u>

Petitioner requests that this Court order the BOP to "implement pre-release programming with incentives" under the Second Chance Act. Petition at 11. Petitioner lacks standing to raise such challenge because there has been no injury to him.

---

[1] Because the attachments to the petition are not numbered, the Court refers to the pagination as reflected on the Court's Case Management Electronic Filing System.

To satisfy Article III's standing requirements, a plaintiff must show: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005) (Internal quotation marks omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n. 1 (1992).

The Ninth Circuit has held that prisoner's may have standing to challenge a lack of particular programs if participation in such programs may result in early release consideration. See e.g. Serrato v. Clark, 486 F.3d 560, 566 (9th Cir. 2007) (holding an inmate had standing to challenge BOP decision to eliminate boot camp, participation in which may have resulted in early release); Cort v. Crabtree, 113 F.3d 1081, 1085 (9th Cir. 1997) ("A prisoner's right to consideration for early release is a valuable one that we have not hesitated to protect."). The plain language of the Second Act Statute which provides for residential drug programming specifically prohibits a "reduction of the term of imprisonment." See Section 231, PL 110-199, April 9, 2008, 122 Stat 657 (2007). Thus, because there is no possibility that access to any programming contemplated by the Second Chance Act could impact the fact or duration of Petitioner's confinement, he does not have standing to challenge such programs.

IV. Educational Programs

Petitioner's challenge relating to assistance in obtaining a General Education Development Certificate is moot because Petitioner has already earned his High School Equivalency Diploma.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that

cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

Petitioner indicates that at the time of filing the instant petition, he was participating in the GED program. Therefore, contrary to Petitioner's claim, programming was readily available to him. Moreover, Respondent submits evidence that Petitioner completed the GED program. Attachment 1, to Answer, SENTRY Print-Out, Inmate History - Education at 1.

V.   Release Gratuity

Petitioner requests for the "maximum allowed money from the BOP" apparently referring to a release gratuity some inmates are eligible for and for assistance in obtaining identification. These claims are not yet ripe for review. The ripeness doctrine "is [intended] to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abott Laboratories v. Gardner, 387 U.S. 136, 148-149 (1967). The Ninth Circuit recognizes "the Supreme Court announced a three-pronged test for ripeness of an administrative challenge [which considers]: (1) whether delayed review would cause hardship to the plaintiffs' (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." Citizens for Better Forestry v. U.S. Dep't of Agriculture, 341 F.3d 961 (9th Cir. 2003) (relying on Ohio Forestry Association v. Sierra Club, 523 U.S. 726, 733 (1998)).

The BOP offers inmates a Release Preparation Program and addresses issues such as gratuity procedures and how to obtain government issued identification. See, generally, www.bop.gov, Program Statement 5325.06, Release Preparation Program Institution

5

(03/04.2002) and Program Statement 5873.06, Release Gratuities, Transportation, and Clothing (08/06/2003).² In this instance, Petitioner does not indicate whether he has requested and been denied a release gratuity or an increase in whatever gratuity may be deemed appropriate. See generally, Petition.

Petitioner has not demonstrated any present or imminent harm and awaiting judicial review until the issue is ripe will not cause hardship to him. Because there has been no finding by the BOP regarding Petitioner's eligibility for a release gratuity, the Court would certainly benefit from the BOP making its determination prior to its review. If the determination is made that Petitioner is ineligible, then any available judicial review of that determination would be based on the development of the facts upon which the agency based its decision. Accordingly, this claim is not yet ripe for review and must be dismissed.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED; and
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated: **March 13, 2010**              /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

² This Court takes judicial notice of BOP Program Statements, which are available at the BOP's website (www.bop.gov) pursuant to Rule 201(b) of the Federal Rules of Evidence. See U.S. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP Program Statement on Patient Care).